## Derr's Estate.

*J. C. Furst*, for petitioners.

FLEMING, P. J., January 29, 1931.—The above decedent, who died on or about May 4, 1882, by his last will and testament duly provided, *inter alia*, as follows:

"I give, devise and bequeath unto St. Johns Reformed Church of Bellefonte, the residue and remainder, from and immediately after the decease of my wife, Elizabeth, of and in my dwelling house on the East side of Ridge Street, together with the front part of the messuage on which the same is situated, being two hundred feet more or less in depth on cemetery road; that is to say, three lots of fifty feet each of the front part of the messuage aforesaid, in trust, for the use of the German Reformed Congregation of Bellefonte forever, for a parsonage or minister's dwelling, or to rent the same and apply the income, rents and profits to the use of said Congregation, in supporting their pastor, and keeping up said Church, and for no other purpose, without power to alien or encumber the same in any manner whatsoever, but the same to remain for the use of the said German Reformed Church, and the support of its public worship forever; subject to all the estate therein, heretofore given and bequeathed to my wife, Elizabeth, in the foregoing provisions of this my last will and testament."

That "St. John's Reformed Church of Bellefonte," "German Reformed Congregation" and "German Reformed Church," as used in the foregoing paragraph, are identical is not denied.

The Bellefonte Cemetery Association is an eleemosynary institution maintaining and operating a cemetery in the Borough of Bellefonte, which cemetery is immediately adjacent to the premises mentioned in the above-recited paragraph of decedent's last will and testament. The acquisition of the property in question would, beyond question, improve this cemetery. We are asked to apply the *cy pres* doctrine and to direct St. John's Reformed Church of Bellefonte, Pennsylvania, to convey all its right, title and interest in said property to the Bellefonte Cemetery Association for a consideration of $2250, together with a certificate of perpetual care for the Daniel Derr family plot in said cemetery.

"The *cy pres* doctrine can properly be applied only where it is or has become impossible beneficially to apply the property left by the founder or donor in the exact way in which he has dictated it to be applied, and it can only be applied beneficially to similar purposes by different means. And there can be no question of *cy pres* until it is clearly established that the directions of the testator cannot be carried into effect. Therefore, a court of equity is not entitled to substitute a different scheme for the scheme which the donor has prescribed in the instrument which creates the charity, merely because a coldly wise intelligence, impervious to the special predilections which inspired

his liberality, and untrammeled by his directions, would have dictated a different use of his money:" 5 R. C. L. 365, § 105.

In the instant case, the petitioner could be compelled arbitrarily to follow the literal directions of the testator embodied in his will under the theory that it is still possible to apply the property in question in the exact way dictated by the testator. But when we consider the ultimate purposes, clearly stated by the testator, and view such in the light of conditions, as they have changed since 1882, we have no doubt that this case presents a situation where the *cy pres* doctrine should be applied. There were three things clearly in the mind of the testator, viz., (1) to provide a home for the minister of the congregation of St. John's Reformed Church of Bellefonte, or, in lieu of the necessity therefor, to (2) provide for his support and (3) for the maintenance of such church. The property in question has never been used as a manse, and, from the fact that the congregation now has a modern home for its minister adjacent to its church, as well as from the remoteness thereof and lack of modern facilities therein, it is reasonable to conclude that the property in question will never be so used. To have the property in question afford support for the minister or maintenance for the church it must be rented, and to be rented it must be kept in a reasonable state of repair, taxes must be paid, insurance premiums must be provided for, and, in general, the church must maintain a constant supervision thereof. This involves the uncertainty of obtaining a proper tenant therefor, and, when rented, the uncertainty of collection of rentals. The nature of the property and its location precludes the possibility of obtaining more than an ordinary rental for the same, with a reasonable expectation of a depreciation in rental value.

It is wholly clear that the testator's substantial intention was to provide for the petitioner and its minister. His formal intention was directed to the property in question as an act of necessity, such being the only vehicle by which he could provide for his wife during her lifetime and for his church after her death. It is not unreasonable to assume that had he had the value of the property in question in cash, and had been able to provide for his wife in other ways, he would have provided a means thereby which would have been free of care and attention on the part of the church. We are convinced that the consideration offered by the cemetery association is wholly adequate, and, if invested in approved securities, will yield to the church an equal, if not greater, return than that obtained from the property itself. Unquestionably, the acquisition of the same by the cemetery association will inure greatly to the benefit of the community in general.

The purposes of the testator being so clearly stated, the directions as to the management of the trust are directory only and are not mandatory. The specific details must be governed by the circumstances: 5 R. C. L. 367, § 108.

We are fully convinced that the *cy pres* doctrine should be here applied, and we, therefore, grant the prayer of the petitioner and enter the following

## Decree.

And now, January 29, 1931, the petition herein having been read and considered, and the court being fully satisfied that the *cy pres* doctrine is applicable herein, it is ordered, adjudged and decreed that St. John's Reformed Church of Bellefonte, Pennsylvania, make, execute, acknowledge and deliver to the Bellefonte Cemetery Association of Bellefonte, Pennsylvania, a good and sufficient deed for the premises devised to it in trust by the last will and testament of Daniel Derr, deceased, as recited in the petition of said St. John's Reformed Church of Bellefonte, Pennsylvania, upon the payment to the Board of Trustees of said St. John's Reformed Church of Bellefonte,

Pennsylvania, of the sum of $2250, and the delivery to said trustees of a certificate of perpetual care for the lot of the said Daniel Derr, deceased, in the Bellefonte Union Cemetery, owned and operated by said cemetery association; and it is further ordered, adjudged and decreed that the Board of Trustees of St. John's Reformed Church of Bellefonte, Pennsylvania, forthwith invest the said sum of $2250 in good, interest-bearing security or securities, to be approved by the court, the income accruing therefrom to be applied by such board of trustees for the objects and purposes named in the will of the late Daniel Derr, deceased, in the same manner and to the same effect as though said income had been derived from the real estate herein directed to be sold and conveyed.                    From S. D. Gettig, Bellefonte, Pa.